## Sarver & Whittington v. Job A. Hadley.

1. VERDICT—*when not disturbed.* Notwithstanding the Appellate Court may not be entirely satisfied that a correct conclusion has been arrived at by the jury, yet it will not set aside such verdict unless it is manifestly against the weight of the evidence.

Action of *assumpsit.* Error to the Circuit Court of Shelby county; the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906.

H. RAGAN and GEORGE B. RHOADS, for plaintiffs in error.

RICHARDSON & WHITAKER, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

Plaintiffs in error brought suit against defendant in error to recover $200 claimed to be due them as commission for the sale of real estate. A jury was waived and the cause was tried by the court; resulting in a finding against plaintiffs in error and judgment against them for costs.

Prior to April 29, 1905, defendant in error listed with plaintiffs in error his farm containing 150 acres, for sale at $30 per acre cash, plaintiffs in error to be paid a commission of $100 and all that might be realized above the price named. The contract was a verbal one, and by its terms expired on April 22 or 29, 1905. Defendant in error fixes the former date and plaintiffs in error fix the latter date as the time of the expiration of the contract. About April 14 or 15, 1905, plaintiffs in error sought to interest O. H. Brinker in the purchase of the farm. Brinker was unable to pay all cash for the farm, but proposed to pay $3,000 in cash and turn over a stock of merchandise estimated by him to inventory $3,000. Defendant in error did not desire to take merchandise in trade for the farm, but finally agreed to do so, if plaintiffs in error would accept $150 in cash as their commission for the transaction. Plaintiffs in error refused the proposition of defendant in error and insisted that they should be paid a commission of $1,500 or that defendant in error, in addition to the $3,000 cash, should take staple merchandise of the value of $1,500 and turn the balance of the merchandise over to them as their commission. No agreement was arrived at with reference to the trade or sale to Brinker, and there is evidence tending to show that plaintiffs in error then abandoned Brinker as a prospective purchaser of the farm.

On April 25, 1905, defendant in error wrote to Brinker the following letter:

"Herrick, Ill., April 25, 1905.
Mr. O. H. Brinker,
        Moweaqua, Ills.
Dear Sir:
If you have not made any trade yet with your stock of goods, let me hear from you. It may be that we can get together now, as my contract with Sarver & Whittington expired last Saturday, and I can price the place to you now at just what it would take to buy

it. That is $40.00 per acre. I unthoughtedly listed the farm and gave them all over $40.00 they got besides the commission and they put it up to $50 against my will, but when you come they told me that it would not do to price it below $50.00, and that you would take it at that figure. I wanted to put it down to $40.00, which is a reasonable price, but my hands were tied, but now I am loose and can do as I please and I will say that if you still want the place at $40.00 per acre, and will put your goods at invoice, I will come up and see them myself, and if there are no depreciated goods, we may be able to trade. If this letter interests you, you can write direct to me. This place is reasonable, and if I didn't have to go south before another winter, for my health, I would not let it go at that. Hoping to hear from you soon, I remain,

Yours respectfully,<br>J. A. Hadley.

Over

My place is the one you looked at, three miles east of Herrick.

Please let me hear from you immediately.

J. A. H.''

On April 29, 1905, defendant in error entered into a written agreement with plaintiffs in error for the sale of the same land, as follows:

"Herrick, Illinois, April 24, 1905.

J. A. Hadley being the first party of this contract and Sarver and Whittington the second party, the first party agrees to place his farm of 150 acres in section 12, town 9, range 2 E., 3rd P. M., Shelby county, Illinois, in the hands of the second party to sell for him at $32.50 per acre for a cash deal and first party agrees to pay second party one dollar per acre for making the sale at the price above mentioned and also agrees to give them (50 per cent. by J. A. H.) of all over and above the $32.50 per acre they sell it for on a cash deal. Or if the second party makes a trade of said farm of such that the first party accepts it, then the first party agrees to pay the second party $200.00, two hundred dollars, which shall be in full payment of all commission of any kind.

The first party reserves the privilege to sell the place himself without paying any commission, and in case a sale is effected by first party, this contract shall become null and void.

This contract to remain in effect for a period of 30 days, unless further continued in writing on back of this contract.

> J. A. HADLEY,
> SARVER & WHITTINGTON,
> per S.

Sale May 4 and 5, '05."

On the back of which appears:

"Herrick, Ill. April 29, 1905.

This contract is continued thirty days from maturity, by consent of parties.

> J. A. HADLEY,
> SARVER & WHITTINGTON,
> per S."

Thereafter, on May 6, 1905, defendant in error sold his farm to Brinker in consideration of $3,000 cash and a stock of merchandise inventoried at between $2,000 and $2,500.

There is evidence tending to show that at the time the written contract was executed on April 29 plaintiffs in error said to defendant in error that they claimed Brinker as their customer and if defendant in error made a trade with him they would expect to be allowed a commission of $200. The evidence also tends to show that defendant in error had before the expiration of the verbal contract with plaintiff in error, urged them to close the trade with Brinker and that they had refused to do so, and that upon the occasion of the execution of the written contract defendant in error said to plaintiffs in error that if they would close the trade with Brinker at once he would pay them a commission under the contract, and that they neglected to take any steps in that direction. It is manifest that plaintiffs in error expected to find a purchaser for the farm at a price that would realize them a greater commission than could be realized by effect-

ing a trade with Brinker, and the evidence tends to show that they ignored a trade with Brinker and devoted their time and expended their energy in an effort to increase their commissions at the risk of losing to defendant in error a purchaser for his farm. The conduct of plaintiffs in error in this regard was held by the trial court to indicate an absence of good faith on their part in dealing with defendant in error, and a virtual abandonment by them of all negotations for a sale of the farm to Brinker. And the trial court further held that in such case defendant in error was privileged to take up the negotations with Brinker, and himself carry them to a successful conclusion, without incurring a liability to pay plaintiffs in error a commission.

The issues involved are essentially issues of fact, and while we are not entirely satisfied that a correct conclusion has been arrived at, we are not able to say that the finding of the trial court, who saw and heard the witnesses, is so manifestly against the weight of the evidence as to warrant us in substituting our own judgment and setting it aside. The judgment of the Circuit Court will accordingly be affirmed.

*Affirmed.*